Want of precaution on the part of the sloop in two important particulars is established by the proof: (1) She should have foreseen at about what point the schooner's starboard tack would run out, and so placed herself as not to impede that movement, or be in the way of the schooner when she came about. The sloop was before the wind, and could take such direction or position as she desired. (2) She was loaded on deck with lumber, and had no lookout forward, and the circumstances raise strong presumption that her helmsman did not see the schooner, and brought his vessel into the wind without regard to the position and right of way of the other. It is manifest the two vessels struck when each had acquired but slight headway under their respective manœuvres, of tacking and coming round before the wind, and the decided import of the evidence is that the sloop was to the windward, and brought herself round either against the schooner, or into her track, so as to render it unavoidable that the schooner must come upon her.

In this view of the case I must declare that the libelant has established no cause of action in his own favor, and that a decree must accordingly be rendered discharging the schooner from the suit. The matter of costs is undoubtedly very much under the discretion of the court. Canter v. American & Ocean Ins. Co., 3 Pet. [28 U. S.] 319; [U. S. v. The Malek Adhel] 2 How. [43 U. S.] 237. The general principle at law and equity is that costs in causes of damage in this court follow the decision. The Ebenezer, 7 Jur. 1117; The Athol, 1 W. Rob. Adm. 374. But in cases of collision the usage is to charge them on the party most to blame. The Celt, 3 Hagg. Adm. 321. If neither is to blame, each party pays his own costs. The Washington, 5 Jur. 1067. And in the English admiralty, when both are to blame, it would seem that the costs are imposed on both in common (Id.), although 1 W. Rob. Adm. 26, citing Hay v. Le Neve, leaves each party to pay his own costs. The negligence and blame leading to the damage in this case being on the part of the libelant himself, the libel must be dismissed, with costs. The Harriett, 1 W. Rob. Adm. 188.

---

WINNE (HILL v.). See Case No. 6,503.

---

## Case No. 17,877.

### WINNEBRENNER v. EDGERTON.

[This is a state case, reported in 41 Hunt, Mer. Mag. 72.]

---

WINNIPISEOGEE LAKE C. & W. MAN-U'FG CO. (PARKER v.). See Case No. 10,752.

WINOOSKI LUMBER CO. (GATES v.). See Case No. 5,270.

## Case No. 17,878.

### In re WINSHIP.

[7 Ben. 194.][1]

District Court, S. D. New York. March, 1874.

REFUSAL OF BANKRUPT TO TESTIFY — PROTEST BY COUNSEL—CONTEMPT—COSTS.

1. A bankrupt was summoned, at the instance of a creditor who had proved his claim, to appear before the register to be examined. He appeared, but, under the advice of counsel, refused to be sworn and examined, on the ground that he was advised that the said creditor had no valid claim, and was not a creditor within the meaning of the act. The counsel for other creditors also protested against his examination. Held, that no legal invalidity of the creditor's claim being proved, the bankrupt could not refuse to be sworn and examined.

2. Counsel for other creditors had no legal right to interpose.

3. As the bankrupt had acted under advice of counsel, he ought not to be punished for contempt, nor to be required to pay costs other than those of the certificate.

4. The protesting creditors ought to pay the costs occasioned by their action.

Edwin K. Winship, a bankrupt, being required to testify before the register in the matter of his bankruptcy, before the election of an assignee, at the instance of Escher, a creditor whose claim, though proved, he intended to dispute as invalid for usury, refused to testify; and the counsel for 14 other creditors also interposed an objection to the examination of the bankrupt.

The register, upon request of the bankrupt, certified to the court his conclusions upon the questions arising, viz., that, inasmuch as no legal proof existed of the invalidity of Escher's claim, and such claim had been duly proved, the bankrupt should submit to the examination; that the counsel for the other creditors had no right to interpose any objection; that, as the bankrupt had acted under the advice of counsel, he ought not to pay costs other than those of the certificate which he demanded; but that the protesting creditors ought to pay the costs occasioned by their action.

BLATCHFORD, District Judge. I concur in the views of the register.

---

WINSHIP (McCABE v.). See Case No. 8,668.

---

## Case No. 17,879.

### In re WINSLOW.

[1 McA. Pat. Cas. 123.]

Circuit Court, District of Columbia. 1850.

PATENT OFFICE APPEALS—SUFFICIENCY OF "REASONS OF APPEAL"—VAGUENESS.

[1. Reasons of appeal which state "that the decision is in opposition to a clear apprehension of the merits of the case": "that the decision is

---

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]